UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHESTER RAYMOND BODMAN,

    Plaintiff,

v.                                                                       Case No. 1:11-CV-600

DWAIN DENNIS, et al.,                                HON. GORDON J. QUIST

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING IN PART AND REJECTING IN PART**
**REPORT AND RECOMMENDATION**

On December 7, 2012, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) (dkt. # 33) recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment motion and that Plaintiff's claims against Unknown Party # 1 be dismissed without prejudice for failure to effect timely service. Plaintiff and Defendants have filed Objections to the R & R. For the reasons set forth below, the Court will adopt the R & R in part and reject it in part.

FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2011, Plaintiff, Chester Bodman, a prisoner incarcerated with the State of Michigan, filed a pro se complaint alleging various claims pursuant to 42 U.S.C. § 1983 against employees of the Ionia County Jail and the Ionia County Sheriff's Department. Plaintiff's claims are based on events that occurred in connection with his arrest on November 20, 2009, and during his subsequent confinement at the Ionia County Jail. On August 24, 2011, this Court entered an Opinion and Order, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915, dismissing most of Plaintiff's

claims for failure to state a claim. The Court concluded that only the claims against Defendants Pieters, Myers, Hoskins, and Badder sufficed to state a claim.[1] (Dkt. ## 8, 9.)

The following are the pertinent facts regarding the claims against Defendants Pieters, Myers, and Hoskins. On November 19, 2009, Plaintiff was involved in a serious car accident. Plaintiff fled the scene, leaving his sole passenger, Anthony Geister, with the damaged vehicle. Several hours later, in the early morning of November 20, 2009, Defendants Pieters, Myers, and Hoskins located Plaintiff using information based on Plaintiff's cell phone location. Thereafter, Pieters, Myers, and Hoskins arrested Plaintiff and transported him to the Ionia County Jail.

The following are the pertinent facts regarding Plaintiff's claim against Defendant Badder. On January 1, 2010, while confined at the Ionia County Jail, Plaintiff reported that he had a seizure for the first time in his life. In response, jail staff placed Plaintiff in a medical observation cell overnight. He did not suffer a seizure while in the observation cell. Plaintiff was then placed in a different cell and assigned a bottom bunk. Plaintiff alleges that shortly after his seizure a nurse gave him a medical detail stating that Plaintiff could not climb stairs and required a bottom bunk. On or about January 13, 2010, Defendant Badder instructed Plaintiff to move to another cell with a top bunk assignment. Plaintiff claims that he told Defendant Badder that he had a bottom bunk detail because he had suffered a seizure. Plaintiff alleges that Badder told Plaintiff she "needed that bunk" and that Plaintiff "would be all right." On March 29, 2010, Plaintiff suffered a second seizure, during which he fell out of his top bunk and landed on his head. Plaintiff was transported to the Ionia County Memorial Hospital for treatment.

On September 6, 2012, Defendants filed a Motion for Summary Judgment. The magistrate judge recommended in her R & R that the motion be granted in part and denied in part. The

---

[1] Based on the police report that Defendants have submitted in support of their motion, it appears that Plaintiff misnamed Defendant Myers as "Myer." The Court will thus refer to this Defendant as Myers.

2

magistrate judge recommended that the Court grant the motion with regard to any injunctive or declaratory relief Plaintiff is seeking, but deny the motion in all other respects. Regarding the claims against Defendants Pieters, Hoskins, and Myer, the magistrate judge recommended that the motion be denied because the police report—the sole evidence upon which Defendants rely in support of their motion—is hearsay and, even if it is admissible pursuant to the public records exception to the hearsay rule, *see* Fed. R. Evid. 803(8), Defendants failed to properly authenticate it. As for the claim against Defendant Badder, the magistrate judge concluded that Defendant Badder's evidence did not address Plaintiff's actual claim—that Defendant Badder disregarded Plaintiff's bottom bunk medical restriction by ordering him to move to a top bunk, thereby placing Plaintiff at substantial risk of serious harm. Finally, the magistrate judge concluded that Defendants' exhaustion and qualified immunity arguments lack merit.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), if a party files written objections to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In conducting such review, "the court may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

### *Defendants' Objections*

In their Objections, Defendants do not contend that the magistrate judge's analysis of their motion and supporting evidentiary materials was flawed. In other words, Defendants do not contend that the magistrate judge erred in concluding that Defendants failed to properly authenticate the police report or that Defendants' evidence regarding the claim against Defendant Badder failed to

address Plaintiff's actual claim. Instead, Defendants offer new evidence that was not available to the magistrate judge to consider, including: (1) an affidavit from Beverly Young, Ionia County Sheriff's Department Records Custodian; (2) an affidavit from Kay Marsden, a Corrections Officer who administered the medical questionnaire to Plaintiff when he was booked in to the Ionia County Jail on November 20, 2009; (3) an affidavit from Mark Jones, the Ionia County Jail Administrator; and (4) an affidavit from Defendant Badder. (Dkt. ## 34-1–34-4.)

In light of these new materials, the Court must decide whether it has discretion to consider evidentiary materials presented for the first time in objections to a report and recommendation and, if so, whether the Court should exercise its discretion to consider those new materials. Although the Sixth Circuit has not definitively addressed the issue, several circuits, including the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuits have recognized that district courts have discretion to consider new evidence when resolving objections to a magistrate judge's report and recommendation. *See Clark v. United States*, 360 F. App'x 660, 663 (7th Cir. 2009) ("The district court, in adopting the magistrate judge's report and recommendation, did not abuse its discretion by refusing to consider the late-submitted affidavit and indulge [plaintiff's] belated attempt to change his story."); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to consider arguments and evidence presented for the first time in an objection to a report and recommendation); *Jasty v. Wright Med. Tech., Inc.*, 528 F.3d 28, 33 (1st Cir. 2008) ("Under 28 U.S.C. § 636(b), a district court reviewing a magistrate judge's report and recommendation has discretion whether to receive further evidence."); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation"); *Carpet Grp. Int'l v. Oriental Rug importers Ass'n, Inc.*, 227 F.3d 62, 70–71 (3d

Cir. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 673–74, 100 S. Ct. 2406, 2411 (1980)), *overruled on other grounds*, *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011) (holding that "where a District Court reviews a Magistrate Judge's report and recommendation regarding a dispositive motion, the Court has discretion whether to consider additional evidence not presented to the Magistrate Judge"); *Freeman v. County of Bexar*, 142 F.3d 848, 852–53 (5th Cir. 1998) (recognizing a district court's discretion to receive new evidence on de novo review but observing that "[l]itigants may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of evidence"); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (noting that "the district court had discretion to consider evidence that had not been submitted to the Magistrate Judge"). In an unreported order in *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520 (6th Cir. 2009), the Sixth Circuit cited both the Ninth Circuit's decision in *Howell* and the Fifth Circuit's decision in *Freeman* with approval, noted that the district court's ruling did not reflect an actual exercise of discretion to consider an affidavit that the plaintiff first presented in his objections to a report and recommendation, and remanded the case to the district court to exercise its discretion to consider the plaintiff's new evidence. *See id.* at *2–3. Thus, the Sixth Circuit implicitly recognized that district courts have discretion to consider new materials in deciding objections to reports and recommendations.

In light of the foregoing, the Court concludes that it has discretion to consider the new evidence Defendants present in their Objections. The Court further concludes that it should exercise its discretion to consider Defendants' new evidence because Plaintiff has had an opportunity to respond to the new evidence and does not object to it.

With regard to Plaintiff's claim against Defendants Pieters, Myers, and Hoskins, Defendants argue that the police report is admissible under the business records exception to the hearsay rule.

5

Defendants further argue that the affidavit of Beverly Young properly authenticates the police report as a business record. Defendants further contend that the affidavit of Kay Marsden properly authenticates as a business record the medical questionnaire that was completed for Plaintiff when he was booked into the jail. As the magistrate judge correctly observed, matters reported in a police report based on an officer's first-hand observations may be admitted pursuant to the public records exception under Federal Rule of Evidence 803(8). *See MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, Inc.*, 884 F. Supp. 2d 1277, 1281–82 (S.D. Fla. 2012) (observing that entries in a police report based on an officer's own observations and knowledge may be admitted as a public record, while statements made by third persons under no duty to report may not be admitted under this exception); *Brewton v. City of New York*, 550 F. Supp. 2d 355, 361 n.5 (E.D.N.Y. 2008) ("To the extent that the police report contains Detective Hovington's personal observations, the report itself is admissible as a public record pursuant to Fed. R. Evid. 803(8)"). In addition, "entries in a police report which result from the officer's own observations and knowledge may be admitted [as a business record]." *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983); *see also Jenkins v. City of New York*, No. 10 Civ. 4535(AJN), 2013 WL 870258, at *2 (S.D.N.Y. Mar. 6, 2013) (noting that "entries in a police report based on an officer's own observations and knowledge may be admitted as business records"). Moreover, the Court concludes that the Young affidavit (dkt. # 34-1) properly authenticates the police report as both a business record and a public record, to the extent statements in the report are by law enforcement officers having a duty to report such information.

In light of the police report and the medical questionnaire, authenticated by the Marsden affidavit (dkt. # 34-2), the Court concludes that Defendants Pieters, Meyers and Hoskins are entitled to summary judgment. Plaintiff claims that these Defendants failed to provide him medical

treatment when they arrested him.  In order to establish his claim, Plaintiff must show that Defendants were deliberately indifferent to Plaintiff's serious medical needs.  *See Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009).  In the police report, Defendant Myers stated that he was present when Plaintiff came out of his trailer and asked Plaintiff if he had any injuries from the accident, and Plaintiff responded that "he did not."  (Dkt. # 24-1 at Page ID 118.)  Given Plaintiff's statement, Defendants had no reason to believe that Plaintiff required medical attention.  This conclusion is buttressed by the medical intake questionnaire (dkt. # 34-2), which reported that Plaintiff did not have obvious pain, bleeding, or other symptoms suggesting the need for emergency medical services.  Plaintiff cannot dispute this evidence based on his own personal knowledge because he admits in his complaint that he does not "remember much after the crash including: leaving the scene, being arrested, being booked into jail, being finger printed, being photographed, or even the interrogation the following day."  (Dkt. # 1.)  Plaintiff argues in his response to Defendants' Objections that the police report supports his claim that he required medical attention because it states that his family members (who apparently had spoken with Plaintiff on his cell phone after he fled the accident scene) notified the Ionia County Jail that Plaintiff was possibly spitting up blood and had a possible internal injury.  This portion of the police report, however, is based on multiple levels of hearsay that are not admissible as a business or public record or under any other hearsay exception.  Accordingly Plaintiff has failed to present any admissible evidence to show that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

With regard to Plaintiff's claim against Defendant Badder, Defendants contend that Plaintiff cannot demonstrate that Defendant Badder was deliberately indifferent.  Defendant Badder states in her affidavit that she had no knowledge of Plaintiff's prior seizure because Plaintiff did not mention that he had a prior history of seizures requiring a bottom bunk, nor did Plaintiff show

Defendant Badder his medical detail stating that Plaintiff required a bottom bunk. (Dkt. #34-4.) Although Plaintiff has not offered an affidavit contradicting Defendant Badder's affidavit, Plaintiff alleges in his complaint that he twice told Defendant Badder that he required a bottom bunk but Defendant Badder ignored this information. This allegation may be considered for summary judgment purposes because Plaintiff included a statement at the end of his complaint swearing to the truth of his allegations under penalty of perjury, in substantial compliance with 28 U.S.C. § 1746. *See Bonds v. Cox*, 20 F.3d 697, 704 n.2 (6th Cir. 1994) (stating that "28 U.S.C. § 1746 requires only substantial compliance with its terms"). Given Plaintiff's allegation, the Court concludes that Plaintiff has created a genuine issue of material fact as to whether Defendant Badder was deliberately indifferent to a substantial risk of harm. Therefore, the magistrate judge did not err in recommending denial of summary judgment on Plaintiff's claim against Defendant Badder.

### *Plaintiff's Objection*

The magistrate judge concluded that Plaintiff's claim against Unknown Party #1 should be dismissed without prejudice because Plaintiff has failed to provide identifying information for this individual after more than twelve months had elapsed since Plaintiff filed his complaint. The magistrate judge found that Plaintiff's lack of diligence in attempting to identify Unknown Party #1 demonstrated that Plaintiff did not have good cause for failing to serve this individual within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure. In his Objection, Plaintiff states that he should not be held responsible for the failure to identify Unknown Party #1 because Defendants failed to provide such information in response to Plaintiff's discovery request. Plaintiff's recourse, however, was to file a motion to compel Defendants to respond to his discovery request. Having failed to file such a motion, Plaintiff may not complain that Defendants were not forthcoming with this information. Therefore, the Court will overrule Plaintiff's Objection.

CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Objections in part and overrule them in part and overrule Plaintiff's Objection. Accordingly, the Court will adopt the R & R in part and reject it in part.

Therefore,

**IT IS HEREBY ORDERED** that Defendants' Objections to the Magistrate Judge's Report and Recommendation (dkt. # 34) are **GRANTED IN PART AND OVERRULED IN PART**. Defendants' Objections are granted with regard to Plaintiff's claims against Defendants Pieters, Myers, and Hoskins and overruled with regard to the claim against Defendant Badder.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (dkt. #35) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's December 7, 2012 Report and Recommendation (dkt. #33) is **ADOPTED** with regard to Plaintiff's claim against Defendant Badder and **REJECTED** with regard to Plaintiff's claims against Defendants Pieters, Myers, and Hoskins.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (dkt. #23) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to the claims against Defendants Pieters, Myers, and Hoskins and **denied** with regard to the claim against Defendant Badder.

Dated: June 6, 2013                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE